1  VINCENT J. BELUSKO (SBN 100282)
   VBelusko@mofo.com
2  RYAN J. MALLOY (SBN 253512)
   RMalloy@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Blvd., Ste. 6000
4  Los Angeles, California  90017-3543
   Telephone:  213.892.5200
5  Facsimile:   213.892.5454

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, METRO-GOLDWYN-MAYER STUDIOS INC., and METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC, | Case No.  2:14-CV-04626 |
|---|---|---|
| 12 | | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-LIABILITY FOR PATENT INFRINGEMENT** |
| 13 | | |
| 14 | Plaintiffs, | **Jury Trial Demanded** |
| 15 | v. | |
| 16 | NISSIM CORP., | |
| 17 | Defendant. | |

18

19

20

21

22

23

24

25

26

27

28

la-1253854

Plaintiff Twentieth Century Fox Home Entertainment LLC ( "Fox") and Plaintiffs Metro-Goldwyn-Mayer Studios Inc. and Metro-Goldwyn-Mayer Home Entertainment LLC (collectively, "MGM") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby bring this Complaint for Declaratory Judgment against Nissim Corp. ("Nissim") and allege as follows:

## NATURE OF THE ACTION

1.     Nissim contends that it is the owner of United States Patent Nos. 7,054,547 (the '547 patent), 6,463,207 (the '207 patent), 6,304,715 (the '715 patent), 6,208,805 (the '805 patent), 6,151,444 (the '444 patent), 6,002,833 (the '833 patent), 5,987,211 (the '211 patent), 5,913,013 (the '013 patent), 5,724,472 (the '472 patent), 5,589,945 (the '945 patent), and 5,434,678 (the '678 patent) (collectively, the "Patents-in-Suit").

2.     On November 6, 2013, Nissim sent a letter to "21st Century Fox" alleging that Fox video discs infringe the Patents-in-Suit and threatening litigation against Fox if Fox did not agree to a royalty-bearing license to the Patents-in-Suit. A true and correct copy of that letter is attached as Exhibit 1.

3.     On November 6, 2013, Nissim sent MGM a letter alleging that MGM video discs infringe the Patents-in-Suit and threatening litigation against MGM if MGM did not agree to a royalty-bearing license to the Patents-in-Suit.   A true and correct copy of that letter is attached as Exhibit 2.

4.     Nissim's infringement allegations are meritless.  Plaintiffs have not infringed any claims of the Patents-in-Suit.  Moreover, the claims of the Patents-in-Suit are invalid.

5.     Regardless, even assuming *arguendo* that Nissim's infringement allegations did have merit, Nissim still would not be entitled to any relief for any alleged infringement.  Nissim is precluded at least by 35 U.S.C. § 287 and by the doctrine of laches from obtaining any relief for any alleged infringement of the Patents-in-Suit by Plaintiffs.  Nissim's claims for relief against Plaintiffs are further

1

1   barred by licenses that Nissim has granted to companies that encode and sell video

2   discs containing Plaintiffs' video content.  Nissim's claims for relief against

3   Plaintiffs are further barred by patent exhaustion and implied license due to licenses

4   that Nissim granted to companies that make and sell video disc players.  Nissim's

5   claims for relief against Plaintiffs are still further barred by the doctrines of

6   equitable estoppel and estoppel by acquiescence.

7       6.    Plaintiffs seek declaratory judgment that Nissim is not entitled to any

8   relief from Plaintiffs for any alleged infringement of the Patents-in-Suit.

9                            **PARTIES**

10       7.    Twentieth Century Fox Home Entertainment LLC is a Delaware

11   limited liability company with its principal place of business at 10201 W. Pico

12   Boulevard, Los Angeles, California 90035.

13       8.    Metro-Goldwyn-Mayer Studios Inc. is a Delaware corporation with its

14   principal place of business at 245 N. Beverly Drive, Beverly Hills, California

15   90210.

16       9.    Metro-Goldwyn-Mayer Home Entertainment LLC is a Delaware

17   limited liability company with its principal place of business at 245 N. Beverly

18   Drive, Beverly Hills, California 90210.

19      10.    Upon information and belief, Nissim is a Florida corporation.  Upon

20   information and belief, Nissim's principal place of business is 18457 Long Lake

21   Drive, Boca Raton, Florida, 33496.

22                 **JURISDICTION AND VENUE**

23      11.    Plaintiffs incorporate by reference as if fully stated herein and reallege

24   the allegations in paragraphs 2 and 3 of this Complaint.  In its November 6, 2013,

25   letter, Nissim has asserted to Plaintiffs that Nissim owns and has the right to

26   enforce each of the Patents-in-Suit.  Nissim has further accused Plaintiffs of

27   infringing each of the Patents-in-Suit.  Based on Nissim's accusations, Plaintiffs

28   have a reasonable apprehension that Nissim may sue Plaintiffs for alleged patent

la-1253854

infringement.  An actual and justiciable controversy exists between the parties concerning Plaintiffs' liability or non-liability for alleged infringement of the Patents-in-Suit.

12.    This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Nissim for a declaration that pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., Plaintiffs have not infringed the Patents-in-Suit, the disputed claims of the Patents-in-Suit are invalid, and Nissim is not entitled to any relief from Plaintiffs for any alleged infringement of the Patents-in-Suit.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

13.    This Court has personal jurisdiction over Nissim by virtue of Nissim's extensive contacts with the State of California and with this District more particularly.  Nissim's minimum contacts with the State of California and this District include at least the following:  (1) prosecuting causes of action for alleged infringement of the Patents-in-Suit in this District from February 2008 to May 2013; (2) sending letters to Plaintiffs in this District on November 6, 2013, seeking to license the Patents-in-Suit and threatening to sue for patent infringement; (3) sending letters to other companies based in the State of California and this District seeking to license the Patents-in-Suit and threatening litigation against those companies; (4) filing patent-infringement lawsuits against companies whose principal place of business is in the State of California and this District, including Warner Bros. Entertainment Inc. and Warner Home Video Inc., for acts of alleged infringement that took place in this District; (5) licensing the Patents-in-Suit to companies whose principal place of business is in the State of California and this District; and (6) commercializing technologies that allegedly exploit various aspects of the Patents-in-Suit through its subsidiary CustomPlay, LLC, which markets and distributes those technologies in the State of California and this District.

14.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).
Nissim is a corporation that is subject to personal jurisdiction in this District.  A
substantial part of the events giving rise to Nissim's patent-infringement allegations
occurred in this District.

## BACKGROUND FACTS

15.     The facts in this section establish that Nissim cannot recover any
damages for any alleged infringement of any of the Patents-in-Suit.

16.     Videos can be stored on DVDs and Blu-ray discs (collectively, "Video
Discs").  DVD players and Blu-ray disc players (collectively, "Disc Players") can
be used to view the video content on Video Discs.

17.     Since at least 2008, Fox (including third-party sub-distributors with
whom Fox contracts) has had the primary involvement with the authoring and
distribution of Video Discs containing MGM video content.  Accordingly, all of
Fox's defenses to Nissim's allegations of patent infringement, including those
stated in this Complaint, apply equally to MGM and all of MGM's defenses to
Nissim's allegations of patent infringement, including those stated in this
complaint, apply equally to Fox.

18.     The date on which the '945 Patent expired is no later than December
31, 2013.   Acts that occurred after December 31, 2013, do not constitute
infringement of the '945 Patent.

19.     Plaintiffs use the term "Non-945 Patents-in-Suit" herein to mean the
Patents-in-Suit other than the '945 Patent.  The Non-945 Patents-in-Suit consist of
the '547 patent, the '207 patent, the '715 patent, the '805 patent, the '444 patent,
the '833 patent, the '211 patent, the '013 patent, the '472 patent, and
the '678 patent.

20.     Plaintiffs use the term "Expiration Date" herein to mean the expiration
date of the last of the Non-945 Patents-in-Suit to expire.  Acts that occurred after

la-1253854

1   the Expiration Date do not constitute infringement of any of the Non-945 Patents-

2   in-Suit.

3          21.    The Expiration Date is January 11, 2013.

4          22.    For at least the reasons set forth below, Nissim cannot recover any

5   damages from Plaintiffs for any alleged infringement of the Patents-in-Suit that

6   occurred prior to the filing of this Complaint.

7                *Pre-Suit Communications between Nissim and Fox*

8          23.    On information and belief, prior to the Expiration Date, Nissim did not

9   express to Fox its allegation that Fox infringed any particular one of the Patents-in-

10  Suit.  More specifically, prior to the Expiration Date, Nissim did not express to Fox

11  its allegation that Fox infringed the '547 patent.  Prior to the Expiration Date,

12  Nissim did not express to Fox its allegation that Fox infringed the '207 patent.

13  Prior to the Expiration Date, Nissim did not express to Fox its allegation that Fox

14  infringed the '715 patent.  Prior to the Expiration Date, Nissim did not express to

15  Fox its allegation that Fox infringed the '805 patent.  Prior to the Expiration Date,

16  Nissim did not express to Fox its allegation that Fox infringed the '444 patent.

17  Prior to the Expiration Date, Nissim did not express to Fox its allegation that Fox

18  infringed the '833 patent.  Prior to the Expiration Date, Nissim did not express to

19  Fox its allegation that Fox infringed the '211 patent.   Prior to the Expiration Date,

20  Nissim did not express to Fox its allegation that Fox infringed the '013 patent.

21  Prior to the Expiration Date, Nissim did not express to Fox its allegation that Fox

22  infringed the '472 patent.  Prior to the Expiration Date, Nissim did not express to

23  Fox its allegation that Fox infringed the '678 patent.  Prior to November 6, 2013,

24  Nissim did not express to Fox its allegation that Fox infringed the '945 patent.

25         24.    A true and correct copy of a May 2, 2002, letter sent to Fox from

26  attorneys representing Nissim is attached as Exhibit 3.  The subject line of that

27  letter listed the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents.

28  The letter did not assert that Fox infringed any one of those patents.   Rather, the

la-1253854

1  letter asserted that Fox DVDs "infringe one or more patents in the Nissim Patent

2  Portfolio and, therefore, require a license from Nissim."  The letter did not assert

3  that Fox infringed the '678 patent.  The letter also did not assert that Fox infringed

4  the '945 patent.   The letter also did not assert that Fox infringed the '472 patent.

5  The letter also did not assert that Fox infringed the '013 patent.  The letter also did

6  not assert that Fox infringed the '211 patent.  The letter also did not assert that Fox

7  infringed the '833 patent.  The letter also did not assert that Fox infringed the '444

8  patent.  That letter also did not assert that Fox infringed the '805 patent.  That letter

9  also did not assert that Fox infringed the '715 patent.  The letter did not mention

10  the '547 and '207 patents.

11         25.     A true and correct copy of another May 2, 2002, letter sent to Fox

12  from attorneys representing Nissim is attached as Exhibit 4.  The letter listed

13  the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents in the subject

14  line.  The letter did not assert that Fox infringed any one of those patents.  In

15  particular, the letter did not assert that Fox infringed the '678 patent.  The letter also

16  did not assert that Fox infringed the '945 patent.   The letter also did not assert that

17  Fox infringed the '472 patent.  The letter also did not assert that Fox infringed

18  the '013 patent.  The letter also did not assert that Fox infringed the '211 patent.

19  The letter also did not assert that Fox infringed the '833 patent.  The letter also did

20  not assert that Fox infringed the '444 patent.  The letter also did not assert that Fox

21  infringed the '805 patent.  The letter also did not assert that Fox infringed

22  the '715 patent.  The letter did not mention the '547 and '207 patents.

23                     *Pre-Suit Communications between Nissim and MGM*

24         26.     On information and belief, prior to the Expiration Date, Nissim did not

25  express to MGM its allegation that MGM infringed any particular one of the

26  Patents-in-Suit.  More specifically, prior to the Expiration Date, Nissim did not

27  express to MGM its allegation that MGM infringed the '547 patent.  Prior to the

28  Expiration Date, Nissim did not express to MGM its allegation that MGM infringed

1   the '207 patent.  Prior to the Expiration Date, Nissim did not express to MGM its

2   allegation that MGM infringed the '715 patent.  Prior to the Expiration Date,

3   Nissim did not express to MGM its allegation that MGM infringed the '805 patent.

4   Prior to the Expiration Date, Nissim did not express to MGM its allegation that

5   MGM infringed the '444 patent.  Prior to the Expiration Date, Nissim did not

6   express to MGM its allegation that MGM infringed the '833 patent.  Prior to the

7   Expiration Date, Nissim did not express to MGM its allegation that MGM infringed

8   the '211 patent.   Prior to the Expiration Date, Nissim did not express to MGM its

9   allegation that MGM infringed the '013 patent.  Prior to the Expiration Date,

10  Nissim did not express to MGM its allegation that MGM infringed the '472 patent.

11  Prior to the Expiration Date, Nissim did not express to MGM its allegation that

12  MGM infringed the '678 patent.  Prior to November 6, 2013, Nissim did not

13  express to MGM its allegation that MGM infringed the '945 patent.

14          27.     A true and correct copy of an April 25, 2002, letter sent to MGM from

15  attorneys representing Nissim is attached as Exhibit 5.  The letter listed

16  the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents in the subject

17  line.  The letter did not assert that MGM infringed any one of those patents.

18  Rather, the letter asserted that MGM DVDs "infringe one or more patents in the

19  Nissim Patent Portfolio and, therefore, require a license from Nissim."   The letter

20  did not assert that MGM infringed the '678 patent.  The letter also did not assert

21  that MGM infringed the '945 patent.   The letter also did not assert that MGM

22  infringed the '472 patent.  That letter also did not assert that MGM infringed

23  the '013 patent.  That letter also did not assert that MGM infringed the '211 patent.

24  That letter also did not assert that MGM infringed the '833 patent.  That letter also

25  did not assert that MGM infringed the '444 patent.  That letter also did not assert

26  that MGM infringed the '805 patent.  That letter also did not assert that MGM

27  infringed the '715 patent.  The letter did not mention the '547 and '207 patents.

28

7

28.     A true and correct copy of another April 25, 2002, letter sent to MGM from attorneys representing Nissim is attached as Exhibit 6.  The letter listed the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents in the subject line.  The letter did not assert that MGM infringed any one of those patents.  In particular, that letter did not assert that MGM infringed the '678 patent.  The letter also did not assert that MGM infringed the '945 patent.   The letter also did not assert that MGM infringed the '472 patent.  The letter also did not assert that MGM infringed the '013 patent.  The letter also did not assert that MGM infringed the '211 patent.  The letter also did not assert that MGM infringed the '833 patent.  The letter also did not assert that MGM infringed the '444 patent.  The letter also did not assert that MGM infringed the '805 patent.  The letter also did not assert that MGM infringed the '715 patent.  The letter did not mention the '547 and '207 patents.

29.     A true and correct copy of an April 22, 2003, letter sent by MGM to attorneys representing Nissim is attached as Exhibit 7.  The subject line of the letter lists the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents.  The letter identified those nine patents as the "Patents."  The letter stated:  "After considerable research, our counsel has concluded that the DVDs which MGM sells do not infringe any valid claims of the Patents and that certain of the claims of the Patents are invalid."  Nissim did not respond to the letter prior to November 6, 2013.

30.     Upon information and belief, Nissim had no communications with MGM between April 22, 2003, and November 6, 2013.

*Additional Facts Regarding Fox Equitable Defenses*

31.     Under the doctrine of laches, Nissim cannot recover any damages for any alleged use by Fox of the alleged inventions claimed in the Patents-in-Suit.

32.     On November 6, 2013, Nissim sent Fox a letter alleging that Fox video discs with Seamless Play and User Operation Control functionalities infringed each of the Patents-in-Suit.  Nissim stated:  "The Nissim Patents principally cover

8

la-1253854

1  features of the DVD Specifications known as User Operation Control and Seamless

2  Play.  Virtually all DVD-Video discs contain User Operation Control capabilities,

3  and many contain Seamless Play capabilities."  In the letter, Nissim threatens to file

4  a patent-infringement lawsuit against Fox if Fox does not pay a royalty to Nissim.

5      33.    Fox has sold Video Discs having what Nissim alleges to be "Seamless

6  Play" functionality since at least 2000.  Additionally, Fox has sold Video Discs

7  having what Nissim alleges to be "User Operation Control" functionality since at

8  least 1998.  Nissim could have discovered at least as early as 2000 that Fox's Video

9  Discs included those alleged functionalities by playing Fox's Video Discs in a Disc

10  Player.  Discovering that fact in 2000 would have required only reasonable efforts

11  on Nissim's part.

12      34.    The first of the Patents-in-Suit to issue (the '678 patent) issued on July

13  18, 1995.  The last of the Patents-in-Suit to issue (the '547 patent) issued on May

14  30, 2006.  Upon information and belief, Nissim was aware at least as early as May

15  2008, and likely much earlier, that Fox sold Video Discs.  Upon information and

16  belief, Nissim was further aware at least as early as May 2008 that Fox sold Video

17  Discs allegedly having Seamless Play and User Operation Control functionalities.

18  Upon information and belief, Nissim was aware of Fox's purported infringement of

19  all of the Patents-in-Suit at least as early as May 2008.

20      35.    Nissim unreasonably and inexcusably delayed filing a lawsuit for

21  Fox's alleged infringement of the Patents-in-Suit.  Nissim's unreasonable delay in

22  filing a lawsuit was prejudicial and injurious to Fox.  For example, Nissim's delay

23  discouraged Fox from pursuing alternatives to its allegedly infringing activities.  As

24  another example, witnesses' memories have faded and documentary evidence has

25  been lost due to Nissim's delay in filing a lawsuit.  It would be inequitable to

26  permit Nissim to bring a cause of action against Fox for infringement of the

27  Patents-in-Suit.

28

9

36.     Under the doctrines of equitable estoppel and estoppel by acquiescence, Nissim cannot recover any damages for any alleged infringement of the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents.  Nissim's failure to assert the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents in timely fashion and Nissim's silence in the face of the public activities for which Fox is now accused of infringement misled Fox into reasonably inferring that Nissim did not intend to prosecute an action for infringement against Fox.  Fox detrimentally relied on Nissim's misleading conduct and silence.  For example, Fox was discouraged from pursuing alternatives to its activities now accused of infringement.

*Additional Facts Regarding MGM Equitable Defenses*

37.     Under the doctrine of laches, Nissim cannot recover any damages for any alleged use by MGM of the alleged inventions claimed in the Patents-in-Suit.

38.     On information and belief, the first time that Nissim accused MGM of infringing any particular Patent-in-Suit was on November 6, 2013.  On November 6, 2013, Nissim sent MGM a letter alleging that MGM video discs with Seamless Play and User Operation Control functionalities infringed each of the Patents-in-Suit.  Nissim stated:  "The Nissim Patents principally cover features of the DVD Specifications known as User Operation Control and Seamless Play.  Virtually all DVD-Video discs contain User Operation Control capabilities, and many contain Seamless Play capabilities."  In the letter, Nissim threatens to file a patent-infringement lawsuit against MGM if MGM does not pay a royalty to Nissim.

39.     Video Discs containing MGM video content and having what Nissim alleges to be "Seamless Play" functionality have been sold in the United States since at least 2001.  Additionally, Video Discs containing MGM video content and having what Nissim alleges to be "User Operation Control" functionality have been sold in the United States since at least 1997.  Nissim could have discovered that those Video Discs included those alleged functionalities by playing the Video Discs

10

in a Disc Player.  Discovering that fact would have required only reasonable efforts on Nissim's part.

40. The first of the Patents-in-Suit to issue (the '678 patent) issued on July 18, 1995.  The last of the Patents-in-Suit to issue (the '547 patent) issued on May 30, 2006.  Upon information and belief, Nissim was aware at least as early as May 2008, and likely much earlier, that Video Discs containing MGM video content were being sold in the United States.  Upon information and belief, Nissim was further aware at least as early as May 2008 that Video Discs containing MGM video content and allegedly having Seamless Play and User Operation Control functionalities were being sold in the United States.  Upon information and belief, Nissim was aware of MGM's purported infringement of all of the Patents-in-Suit at least as early as May 2008.

41. Nissim unreasonably and inexcusably delayed filing a lawsuit for MGM's alleged infringement of the Patents-in-Suit.  Nissim's unreasonable delay in filing a lawsuit was prejudicial and injurious to MGM.  For example, Nissim's delay discouraged MGM from pursuing alternatives to its allegedly infringing activities.  As another example, witnesses' memories have faded and documentary evidence has been lost due to Nissim's delay in filing a lawsuit.  It would be inequitable to permit Nissim to bring a cause of action against MGM for infringement of the Patents-in-Suit.

42. Under the doctrines of equitable estoppel and estoppel by acquiescence, Nissim cannot recover any damages for any alleged infringement of the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents.  Nissim's failure to assert the '678, '945, '472, '013, '211, '833, '444, '805, and '715 patents in timely fashion and Nissim's silence in the face of the public activities for which MGM is now accused of infringement misled MGM into reasonably inferring that Nissim did not intend to prosecute an action for infringement against MGM.  MGM detrimentally relied on Nissim's misleading conduct and silence.  For example,

1   MGM was discouraged from pursuing alternatives to its activities now accused of
2   infringement.

3         *Additional Facts Regarding Nissim's Failure to Comply with 35 U.S.C. § 287*

4         43.    Nissim is not entitled to any damages for any use by Plaintiffs of the
5   alleged inventions claimed in the Non-945 Patents-in-Suit that occurred prior to the
6   Expiration Date because Nissim failed to comply with the provisions of Section 287
7   of the Patent Act (i.e., 35 U.S.C. § 287).  Nissim's failure to comply with the
8   provisions of Section 287 of the Patent Act further bars Nissim from recovering any
9   damages for alleged infringement of the '945 Patent that occurred prior to
10  November 6, 2013.

11        44.    If a patentee or its licensees sell in the United States articles that
12  practice a patent, Section 287 of the Patent Act requires that the patentee give an
13  accused infringer actual or constructive notice that it infringes that patent to be
14  eligible to recover damages for that infringement.

15        45.    Actual notice of infringement under Section 287 of the Patent Act
16  requires that the patentee express its allegation of infringement to the accused
17  infringer.  In particular, actual notice of infringement under Section 287 of the
18  Patent Act requires that the patentee express to the accused infringer the identities
19  of the patents allegedly infringed and the products accused of infringing that patent.

20        46.    Nissim did not provide Plaintiffs with actual notice of infringement of
21  the Non-945 Patents-in-Suit under Section 287 of the Patent Act prior to the
22  Expiration Date.  Nissim did not provide Plaintiffs with actual notice of
23  infringement of the '945 Patent under Section 287 of the Patent Act prior to
24  November 6, 2013.  These assertions are established by the facts set forth above in
25  this Complaint.

26        47.    Constructive notice under Section 287 of the Patent Act requires that a
27  patentee make reasonable efforts to ensure that licensees mark patented products
28  with the patents that those products practice.

la-1253854

48.     Nissim did not provide Plaintiffs with constructive notice of infringement of any of the Patents-in-Suit under Section 287 of the Patent Act prior to the Expiration Date.  This is established by the facts set forth below.

49.     Nissim has entered into agreements in which Nissim granted at least some rights to use the alleged inventions claimed in the Patents-in-Suit to entities other than Nissim.  Plaintiffs use the term "Nissim License" herein to refer to any such agreement and the term "Nissim Licensee" to refer to any entity that was granted rights under any such agreement.

50.     Nissim contends that the unlicensed sale in the United States of at least some Video Discs before the expiration of the Patents-in-Suit infringed one or more claims of the Patents-in-Suit.  Hereinafter, Plaintiffs use the term "Patented Video Discs" to refer to any and all Video Discs that Nissim contends satisfy the limitations of one or more claims of the Patents-in-Suit.

51.     Upon information and belief, for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United States of Video Discs with User Operation Control capability that occurred after that Patent-in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.  Upon information and belief, for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United States of Video Discs with Seamless Play capability that occurred after that Patent-in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

52.     At least some Nissim Licenses give Nissim Licensees rights to sell Patented Video Discs in the United States prior to the Expiration Date.

53.     At least some Nissim Licenses that give Nissim Licensees rights to sell Patented Video Discs in the United States prior to the Expiration Date lack any provision requiring those licensees to mark Patented Video Discs with any of the Patents-in-Suit.

54.     For example, Nissim entered into a license agreement with Sony Corporation ("Sony") in 2000 ("Sony License").  The Sony License gives Sony

13

1  rights to sell Patented Video Discs in the United States.  The Sony License contains

2  no provision requiring Sony to mark any Patented Video Discs with any of the

3  Patents-in-Suit.

4       55.    Upon information and belief, at least some Nissim Licensees, after

5  entering into a Nissim License but prior to the Expiration Date, sold at least some

6  Patented Video Discs in the United States that were not marked with any of the

7  Patents-in-Suit.  Upon further information and belief, at least some of those same

8  Nissim Licensees, after being granted a Nissim License but prior to the Expiration

9  Date, sold unmarked Patented Video Discs in the United States in packaging that

10  was not marked with any of the Patents-in-Suit.  At least some of those sales of

11  unmarked Patented Video Discs in unmarked packaging occurred more than six

12  years prior to the filing of this Complaint.

13       56.    For example, after entering into the Sony License but prior to the

14  Expiration Date, Sony sold at least some Patented Video Discs in the United States

15  that were not marked with any of the Patents-in-Suit.  Furthermore, after entering

16  into the Sony License but prior to the Expiration Date, Sony sold unmarked

17  Patented Video Discs in the United States in packaging that was not marked with

18  any of the Patents-in-Suit.  Furthermore, at least some of Sony's sales of unmarked

19  Video Discs in unmarked packaging occurred more than six years prior to the filing

20  of this Complaint.

21       57.    After entering into the Sony License but prior to the Expiration Date,

22  Sony sold in the United States at least some Patented Video Discs having User

23  Operation Control capability that were not marked with any of the Patents-in-Suit.

24  Furthermore, after entering into the Sony License but prior to the Expiration Date,

25  Sony sold at least some unmarked Patented Video Discs with User Operation

26  Control capability in the United States in packaging that was not marked with any

27  of the Patents-in-Suit.  Furthermore, at least some of Sony's sales of unmarked

28

la-1253854

1    Video Discs with User Operation Control capability in unmarked packaging
2    occurred more than six years prior to the filing of this Complaint.

3        58.    After entering into the Sony License but prior to the Expiration Date,
4    Sony sold in the United States at least some Patented Video Discs having Seamless
5    Play capability that were not marked with any of the Patents-in-Suit.  Furthermore,
6    after entering into the Sony License but prior to the Expiration Date, Sony sold at
7    least some unmarked Patented Video Discs with Seamless Play capability in the
8    United States in packaging that was not marked with any of the Patents-in-Suit.
9    Furthermore, at least some of Sony's sales of unmarked Video Discs with Seamless
10   Play capability in unmarked packaging occurred more than six years prior to the
11   filing of this Complaint.

12       59.    Upon information and belief, no Nissim Licensee has ever marked a
13   Patented Video Disc or its packaging with any of the Patents-in-Suit.

14       60.    Nissim further contends that the unlicensed sale in the United States of
15   at least some Disc Players prior to the Expiration Date infringed the Patents-in-Suit.
16   Hereinafter, Plaintiffs use the term "Patented Disc Players" to refer to any and all
17   Disc Players that Nissim contends satisfy one or more claims of the Patents-in-Suit.

18       61.    Upon information and belief, for each Patent-in-Suit, Nissim contends
19   that all unlicensed sales in the United States of Disc Players with User Operation
20   Control capability that occurred after that Patent-in-Suit issued and before that
21   Patent-in-Suit expired infringed that Patent-in-Suit.  Upon information and belief,
22   for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United
23   States of Disc Players with Seamless Play capability that occurred after that Patent-
24   in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

25       62.    At least some Nissim Licenses give Nissim Licensees rights to sell
26   Patented Disc Players in the United States prior to the Expiration Date.

27       63.    Upon information and belief, at least some Nissim Licenses that give
28   Nissim Licensees rights to sell Patented Disc Players in the United States prior to

1   the Expiration Date lack any provision requiring those licensees to mark Patented

2   Disc Players with any of the Patents-in-Suit.

3       64.   At least some Nissim Licensees, after being granted a Nissim License

4   but before the expiration of the Patents-in-Suit, sold Patented Disc Players in the

5   United States that were not marked with any of the Patents-in-Suit.  Those Nissim

6   Licensees include at least Sony, Oppo, and Panasonic.  Furthermore, upon

7   information and belief, at least some Nissim Licensees, after being granted a

8   Nissim License but before the expiration of the Patents-in-Suit, sold unmarked

9   Patented Disc Players in the United States in packaging that was not marked with

10   any of the Patents-in-Suit.  Furthermore, at least some of those sales of unmarked

11   Patented Disc Players in unmarked packaging occurred more than six years prior to

12   the filing of this Complaint.

13       65.   Nissim did not make reasonable efforts to ensure that Nissim

14   Licensees marked Patented Video Discs with the Patents-in-Suit prior to the

15   expiration of the Patents-in-Suit.

16       66.   Nissim did not make reasonable efforts to ensure that Nissim

17   Licensees marked Patented Disc Players with the Patents-in-Suit prior to the

18   expiration of the Patents-in-Suit.

19       67.   To recover any damages for any infringement of the Non-945 Patents-

20   in-Suit, Nissim bears the burden of proving compliance with 35 U.S.C. § 287.  For

21   at least the reasons set forth above, Nissim cannot prove such compliance.

22       68.   To recover any damages for any infringement of the '945 patent that

23   occurred prior to November 6, 2013, Nissim bears the burden of proving

24   compliance with 35 U.S.C. § 287.  For at least the reasons set forth above, Nissim

25   cannot prove such compliance.

26               *Additional Facts Regarding License and Patent Exhaustion*

27       69.   At least one Nissim Licensee with a license to all of the Patents-in-Suit

28   encoded and sold Patented Video Discs containing Fox and MGM video content.

la-1253854

1    That license bars Nissim from recovering any damages for those Patented Video

2    Discs.

3        70.    Nissim is further barred under the doctrines of patent exhaustion and

4    implied license from recovering damages for Plaintiffs' alleged infringement of the

5    Patents-in-Suit.

6        71.    Some Nissim Licenses authorize some Nissim Licensees to sell

7    Patented Disc Players to consumers in the United States.  Some Nissim Licensees

8    made authorized sales of Patented Disc Players to consumers in the United States

9    prior to the Expiration Date.  Upon information and belief, most sales of Patented

10   Disc Players in the United States after May 2008 were authorized by Nissim.

11       72.    Patented Disc Players are adapted and designed to play Patented Video

12   Discs.  Seamless Play and User Operation Control functionalities on Patented Disc

13   Players have no use except when those Patented Disc Players are used to play

14   Patented Video Discs.

15       73.    Patented Video Discs are adapted and designed to be played on

16   Patented Disc Players.  Seamless Play and User Operation Control functionalities

17   on Patented Video Discs have no use except when those Patented Video Discs are

18   played on Patented Disc Players.

19       74.    Under the doctrine of patent exhaustion, consumers with Nissim-

20   licensed Patented Disc Players have a right to play Patented Video Discs on those

21   Patented Disc Players.  Furthermore, under the doctrine of patent exhaustion,

22   Plaintiffs have a right to sell Patented Video Discs to consumers with Nissim-

23   licensed Patented Disc Players.

24       75.    Under the doctrine of implied license, consumers with Nissim-licensed

25   Patented Disc Players have a right to play Patented Video Discs on those Patented

26   Disc Players.  Furthermore, under the doctrine of implied license, Plaintiffs have a

27   right to sell Patented Video Discs to consumers with Nissim-licensed Patented Disc

28   Players.

76.     Permitting Nissim to recover damages for Patented Video Discs used with Nissim-licensed Patented Disc Players would result in an impermissible double recovery to Nissim.

## COUNT 1

### (U.S. Patent No. 7,054,547)

77.     Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

78.     As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '547 patent.  A true and correct copy of the '547 patent is attached as Exhibit 8.

79.     Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '547 patent.

80.     The disputed claims of the '547 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

81.     Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '547 patent.

## COUNT 2

### (U.S. Patent No. 6,463,207)

82.     Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

83.     As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '207 patent.  A true and correct copy of the '207 patent is attached as Exhibit 9.

84.     Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '207 patent.

la-1253854

85.     The disputed claims of the '207 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

86.     Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '207 patent.

## COUNT 3

### (U.S. Patent No. 6,304,715)

87.     Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

88.     As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '715 patent. A true and correct copy of the '715 patent is attached as Exhibit 10.

89.     Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '715 patent.

90.     The disputed claims of the '715 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

91.     Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '715 patent.

## COUNT 4

### (U.S. Patent No. 6,208,805)

92.     Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

93.     As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '805 patent. A true and correct copy of the '805 patent is attached as Exhibit 11.

la-1253854

94.   Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '805 patent.

95.   The disputed claims of the '805 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

96.   Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '805 patent.

**COUNT 5**

**(U.S. Patent No. 6,151,444)**

97.   Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

98.   As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '444 patent.  A true and correct copy of the '444 patent is attached as Exhibit 12.

99.   Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '444 patent.

100.   The disputed claims of the '444 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

101.   Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '444 patent.

**COUNT 6**

**(U.S. Patent No. 6,002,833)**

102.   Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

103.   As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of

la-1253854

1   the '833 patent.  A true and correct copy of the '833 patent is attached as

2   Exhibit 13.

3      104.   Plaintiffs are not infringing and have not infringed, either directly or

4   indirectly, the '833 patent.

5      105.   The disputed claims of the '833 patent are invalid for failure to meet

6   one or more requirements of Title 35 of the United States Code, including but not

7   limited to §§ 101, 102, 103, and 112.

8      106.   Nissim is not entitled to any relief for any alleged infringement by

9   Plaintiffs of the '833 patent.

10                  **<u>COUNT 7</u>**

11              **(U.S. Patent No. 5,987,211)**

12      107.   Plaintiffs incorporate by reference as if fully stated herein and reallege

13   the allegations in paragraphs 1–76 of this Complaint.

14      108.   As a result of Nissim's allegations against Plaintiffs, an actual

15   controversy exists as to Plaintiffs' liability for alleged infringement of

16   the '211 patent.  A true and correct copy of the '211 patent is attached as

17   Exhibit 14.

18      109.   Plaintiffs are not infringing and have not infringed, either directly or

19   indirectly, the '211 patent.

20      110.   The disputed claims of the '211 patent are invalid for failure to meet

21   one or more requirements of Title 35 of the United States Code, including but not

22   limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double

23   patenting.

24      111.   Nissim is not entitled to any relief for any alleged infringement by

25   Plaintiffs of the '211 patent.

26

27

28

## COUNT 8

### (U.S. Patent No. 5,913,013)

112.   Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

113.   As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '013 patent.  A true and correct copy of the '013 patent is attached as Exhibit 15.

114.   Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '013 patent.

115.   The disputed claims of the '013 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

116.   Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '013 patent.

## COUNT 9

### (U.S. Patent No. 5,724,472)

117.   Plaintiffs incorporate by reference as if fully stated herein and reallege the allegations in paragraphs 1–76 of this Complaint.

118.   As a result of Nissim's allegations against Plaintiffs, an actual controversy exists as to Plaintiffs' liability for alleged infringement of the '472 patent.  A true and correct copy of the '472 patent is attached as Exhibit 16.

119.   Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '472 patent.

120.   The disputed claims of the '472 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not

la-1253854

1  limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double
2  patenting.

3      121.   Nissim is not entitled to any relief for any alleged infringement by
4  Plaintiffs of the '472 patent.

5                              **COUNT 10**
6                      **(U.S. Patent No. 5,589,945)**

7      122.   Plaintiffs incorporate by reference as if fully stated herein and reallege
8  the allegations in paragraphs 1–76 of this Complaint.

9      123.   As a result of Nissim's allegations against Plaintiffs, an actual
10  controversy exists as to Plaintiffs' liability for alleged infringement of
11  the '945 patent.  A true and correct copy of the '945 patent is attached as
12  Exhibit 17.

13      124.   Plaintiffs are not infringing and have not infringed, either directly or
14  indirectly, the '945 patent.

15      125.   The disputed claims of the '945 patent are invalid for failure to meet
16  one or more requirements of Title 35 of the United States Code, including but not
17  limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double
18  patenting.

19      126.   Nissim is not entitled to any relief for any alleged infringement by
20  Plaintiffs of the '945 patent.

21                              **COUNT 11**
22                      **(U.S. Patent No. 5,434,678)**

23      127.   Plaintiffs incorporate by reference as if fully stated herein and reallege
24  the allegations in paragraphs 1–76 of this Complaint.

25      128.   As a result of Nissim's allegations against Plaintiffs, an actual
26  controversy exists as to Plaintiffs' liability for alleged infringement of
27  the '678 patent.  A true and correct copy of the '678 patent is attached as
28  Exhibit 18.

la-1253854

129.   Plaintiffs are not infringing and have not infringed, either directly or indirectly, the '678 patent.

130.   The disputed claims of the '678 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

131.   Nissim is not entitled to any relief for any alleged infringement by Plaintiffs of the '678 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.   A declaration that Plaintiffs have not infringed the Patents-in-Suit;

B.   A declaration that the disputed claims of the Patents-in-Suit are invalid;

C.   A declaration that Nissim is not entitled to any relief for any alleged infringement of the Patents-in-Suit by Plaintiffs;

D.   A declaration that this case is exceptional under 35 U.S.C. § 285;

E.   An award of Plaintiffs' costs and attorneys' fees; and

F.   Any other remedy to which Plaintiffs may be entitled.


Dated:        June 16, 2014             By:  /s/  Vincent J. Belusko
                                        VINCENT J. BELUSKO
                                        RYAN MALLOY
                                        MORRISON & FOERSTER LLP
                                        Attorneys for Plaintiffs

la-1253854

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

3   hereby demand a trial by jury on all issues raised by the Complaint.

4

5   Dated:        June 16, 2014              By: /s/ Vincent J. Belusko

6                                           VINCENT J. BELUSKO
                                            RYAN MALLOY
7                                           MORRISON & FOERSTER LLP
                                            Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1253854